# CIRCUIT COURT OF LOUDOUN COUNTY

Walter D. Halfmann
and Barbara B. Halfmann,
Personal Representatives
of the Estate of
Walter R. Halfmann,
Deceased

    v.

Trina Kabiri et al.

### Case No. (Law) 20521

BY JUDGE JAMES H. CHAMBLIN

### June 24, 1998

This previously nonsuited wrongful death action came before the Court on May 19, 1998, for argument on various pleas and other pleadings filed by the defendants. All of them were ruled on from the bench except for pleas of the statute of limitations filed by all but three of the defendants. At argument, the pleas were actually argued as motions to dismiss the present action on the ground that under Rule 3:3 no judgment can be entered against any defendant because the plaintiffs did not obtain service of process on any defendant within one year after commencement of the nonsuited action.

For the reasons that follow, the pleas are overruled.

*Procedural History*

On January 19, 1995, the plaintiffs' decedent, who was riding his bicycle home from school, was struck and killed by a vehicle driven by the defendant, Trina Kabiri.

On January 21, 1997, the plaintiffs filed in this Court a wrongful death action against Kabiri, the Virginia Department of Transportation (VDOT), the Commonwealth Transportation Board (CTB), the School Board of Loudoun County, the Sugarland Run Homeowners Association (SRHOA), Virginia Power, the County of Loudoun, and the Sheriff of Loudoun County. The plaintiffs did not attempt to obtain service of process upon any of the eight defendants.

On March 9, 1998, more than one year after the suit was filed, the plaintiffs filed a motion for a nonsuit. It was granted by an order of nonsuit entered March 10, 1998.

On March 10, 1998, the plaintiffs recommenced this wrongful death action against the same eight defendants. All the defendants were served with process and filed responsive pleadings.

On May 19, 1998, VDOT, CTB, the School Board, the County, and the Sheriff were dismissed from the suit on various immunity grounds.

The Sheriff, the School Board, the County, Kabiri, and SRHOA filed pleas of the statute of limitations based primarily on the fact that the nonsuited action was filed more than two years (the applicable limitations period) after the death of the decedent. At argument, it was shown that it was in fact filed timely because of an intervening weekend and a holiday. All counsel agreed that it was filed on the very last day before the expiration of the statute of limitations.

Because no defendant was served in the nonsuited action, counsel then argued that no judgment should be entered against any defendant because of the following provision of Rule 3:3:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Counsel argued that, because the defendants were served with process more than one year after the first suit was originally filed, the present suit should be dismissed and no judgment entered against the defendants.

### Legal Analysis

The plain wording of Rule 3:3 and the case of *Clark v. Butler Aviation*, 238 Va. 506 (1989), require denial of the pleas.

The plain wording of Rule 3:3 demonstrates that the one year Rule applies only to the action in which a defendant is served. Here the action in which no service was obtained ended with an order of nonsuit. The defendants were served within one year in the present suit. The plaintiffs had the right to nonsuit the first action under § 8.01-380 and to refile it within the limitations of § 8.01-229(E). To have Rule 3:3 prevail over § 8.01-380 would in effect destroy the right to nonsuit after the case had been pending more than one year without the defendant being served with process. The Rule and the statute must both be given effect.

Although *Clark* involved a personal injury suit, its facts are similar to the facts in this case. In *Clark*, the plaintiff filed his suit two days before the statute of limitations expired. The defendant was not served until over a year after the suit was commenced. Before the trial court ruled on a motion to dismiss for failure to effect service within one year, the plaintiff secured an order of nonsuit. Within a month, the plaintiff refiled his suit. The Supreme Court simply held that the plaintiff "recommenced the action within the allowed period and thus insulated his claim against a plea of the statute of limitations." 238 Va. at 511.

As the plaintiff did in *Clark*, the plaintiffs in this case insulated their claims against a plea of the statute of limitations by timely recommencing their wrongful death action.

In the personal injury action of *Rebecca S. Haske v. Michael David Gondek* (Law No. 11938, Circuit Court of Loudoun County), I granted a motion to quash process through the Secretary of the Commonwealth but refused to dismiss the action even though more than one year had then passed since the commencement of the action. The plaintiff then moved for a nonsuit, which I granted over the objection of the defendant. The Supreme Court refused the defendant's petition for appeal of my rulings. Record No. 921835.

A plaintiff has the right to take a first nonsuit, which can be exercised before the entry of an order of dismissal for failure to serve process within one year of filing.

Counsel for Virginia Power (although it did not file a plea of the statute of limitations) raised the prospect that a plaintiff might file on the last day of the limitations period and then wait for a long period of time, e.g., ten years, and having not served the defendants, then take a nonsuit and refile. The answer to this possibility lies in § 8.01-335, which allows cases in which there has been no action for two or three years to be stricken from the docket. If a case is stricken, then it is discontinued. A party would have to follow the statute to have the case reinstated. A case stricken from the docket after three years can only be reinstated for cause.

The pleas of the statute of limitations are overruled.

September 28, 1998

I received Mr. Vaughn's letter of September 25, 1998, too late to consider entry of his proposed order suspending the effect of the order entered September 4, 1998, sustaining the demurrer of Virginia Electric and Power Company. Therefore, the Suspending Order will not be entered.

As permitted by Mr. Vaughn's letter, I have considered the Motion to Suspend and Reconsider as argument for overruling the demurrer to the Second Amended Motion for Judgment. Mr. Vaughn has agreed that the demurrer of Virginia Power to the First Amended Motion for Judgment may be considered as a demurrer to the Second Amended Motion for Judgment which merely restates the prior claim in Count V against Virginia Power.

The demurrer of Virginia Power to the Second Amended Motion for Judgment is sustained, and Virginia Power is dismissed as a party to this suit. I did not sustain the prior demurrer on September 4, 1998, because the electrical devices were in compliance with applicable laws and regulations. It went into my thinking and I mentioned it from the bench, but I based my ruling on the failure of the plaintiff to allege facts that imposed a duty on Virginia Power or to allege facts that showed that Virginia Power created or maintained a nuisance.

Let Mr. Sayers submit an order sustaining the demurrer of Virginia Power to the Second Amended Motion for Judgment and dismissing Virginia Power from the case.